UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JIMMIE CUNNINGHAM, | : | |
| | : | Case No. 1:07-cv-969 |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| BOB BIRCHFIELD, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO EFFECT SERVICE AND THAT THIS CASE BE CLOSED**

Plaintiff filed this action *pro se* on November 23, 2007.  (Doc. 1.)  Plaintiff has not served Defendant with a copy of the summons and complaint within 120 days as required by Fed. R. Civ. P. 4(m).

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"Unless a named defendant agrees to waive service, the summons continues to be

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351, 119 S. Ct. 1322 (1999). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over the Defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

On January 15, 2008, Plaintiff filed a notice with the Court stating that his attempt to serve the Defendant was refused. (Doc. 3.) Such a notice is insufficient to satisfy the requirements of the local rule for service by ordinary mail. *See* S.D. Ohio Civ. R. 4.2(a). The green card does not show the name of the sender as "Clerk, United States District Court, Southern District of Ohio," nor is it accompanied by an envelope containing the summons and complaint, with adequate postage affixed to the envelope, or a certificate of mailing for the Clerk's use. Such a notice is insufficient to satisfy the requirements of the local rule for service by ordinary mail. (*Id.*)

The notice was, however, sufficient to establish good cause to extend the time for service. Accordingly, in an Order dated April 16, 2008, this Court granted Plaintiff an additional sixty (60) days, or until June 16, 2008, to effect service of process. (Doc. 4.)

Because the deadline set forth in the April 16, 2008 Order has now passed without Plaintiff having properly effectuated service upon the Defendant as required by Rule 4(c), the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** due to Plaintiff's failure to effect timely service of process of the summons and complaint and that this case be **CLOSED**.

      **IT IS SO ORDERED**.


Date:  June 20, 2008                      s/ Timothy S. Black
                                                          Timothy S. Black
                                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JIMMIE CUNNINGHAM, | : | |
| | : | Case No. 1:07-cv-969 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| BOB BIRCHFIELD, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within FIFTEEN (15) DAYS of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within TEN (10) DAYS after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).